# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS A. STOCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-12-JHP-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Nicholas A. Stockman requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As set forth below, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 11, 1971, and he was thirty-eight years old at the time of the administrative hearing. He has past relevant work as a gunsmith, tire repairer, laborer, delivery route truck driver, and retail sales clerk. (Tr. 42). The claimant initially alleged he had been unable to work since August 18, 2005 but that date was amended to December 30, 2006 at the administrative hearing. (Tr. 54). The claimant alleges that he is unable to work because of bulging vertebral discs at C-5 and C-6, neck pain, left hand problems, leg pain, depression, and left knee problems. (Tr. 118).

## Procedural History

On November 28, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Monica LaPolt conducted a hearing and determined that the claimant was not disabled in a decision dated August 13, 2009. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant had severe impairments (degenerative disk disease of the cervical and lumbar spines) but retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b), except that claimant was unable to climb ladders, ropes, and scaffolds. (Tr. 57). The ALJ found that the claimant was capable of frequently, *i. e.*, for one-third to two-thirds of a normal workday, pushing and pulling with upper and lower extremities, reaching overhead, climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. The ALJ then concluded that the claimant was capable of returning to his past relevant work as a retail sales clerk and gunsmith (Tr. 59-60).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze his credibility; (ii) by failing to properly analyze his RFC at step four; (iii) by erroneously finding claimant was capable of returning to his past relevant work; and (iv) by failing to properly analyze the "other source" opinion of claimant's chiropractor, Dr. David P. Hamilton. The undersigned Magistrate Judge finds that the ALJ failed to properly analyze the claimant's RFC because she failed to properly consider the opinion of the state consultative examiner, Dr. Randy Conover.

State consultative physician Dr. Randy Conover examined the claimant and recorded his findings in a report dated February 13, 2008. (Tr. 180-84). At that time, the

claimant complained of difficulty walking, pain in his back and intermittent parasthesia in his left lower extremity. (Tr. 180). The claimant also stated that he had difficulty with sitting, standing, and walking and that he experiences parasthesia in three fingers on each of his hands. (Tr. 180). Dr. Conover found through his examination that claimant was unable to walk on his heel and toes. Further, Dr. Conover wrote that the claimant's ability to walk, stand, lift, and carry was moderately limited and his ability to sit, handle, and finger was mildly limited. (Tr. 184).

The ALJ's only mention of Dr. Conover's examination appears during her step two discussion discarding the claimant's depression as a severe impairment. (Tr. 57). Specifically, the ALJ states that while Dr. Conover listed that claimant had a history of depression in his diagnoses, his diagnosis in this regard "was made on the basis of claimant's report, and the other medical evidence in the record does not indicate that the claimant has been diagnosed with depression by a mental healthcare provider or any other medical care provider." (Tr. 57). The ALJ, however, apparently wholly ignored Dr. Conover's notations regarding claimant's physical limitations, in particular regarding his ability to walk, stand, lift, and carry, and further failed to discuss the effect that those limitations may have, if any, on his ability to perform work. This is error, because *every* medical opinion in the record should be evaluated by the ALJ and opinions relating to the claimant's RFC should be reconciled with the ALJ's ultimate findings. *Ramirez v. Astrue*, 255 Fed. Appx. 327, 332 (10th Cir. 2007) ("'[T]he RFC assessment must always consider and address medical source opinions. *If the RFC assessment conflicts with an*

*opinion from a medical source, the adjudicator must explain why the opinion was not adopted.*'") [unpublished opinion], *quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at * 7 [emphasis added]. *See also, e. g., Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, *see* 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion.") [emphasis added], *citing Goatcher v. Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). *See also* Soc. Sec. R. 96-6p, 1996 WL 374180, at *4 ("[T]he [ALJ] . . . must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists. . . . RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)").

It is also worth noting that the court agrees with the claimant that the ALJ's credibility analysis was also legally insufficient. The ALJ's credibility analysis here was the following: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with

the above residual functional capacity assessment." (Tr. 15). The problem with this analysis (apart from vagueness) is that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC. *See McFerran v. Astrue*, 2011 WL 3648222, *2-*3 (10th Cir. Aug. 19, 2011) ("The ALJ's ultimate credibility determination is a singularly unhelpful sentence: '[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.' . . . The ALJ's errors in the credibility assessment necessarily affect the RFC determination. 'Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined.'"), [unpublished opinion], *quoting Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

Because the ALJ failed to either discuss *or* evaluate the opinion of state examining physician Dr. Randy Conover and failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma